## Boyer's Application

*Walter G. Groome,* for petitioner; *Ray T. Harrigan,* contra.

REESE, P. J., April 26, 1932.—The petitioner has made application for a private detective license under the provisions of the Act of May 23, 1887, P. L. 173. This act vests in the court of quarter sessions authority to grant such a license, but provides that "no such license shall be granted until satisfactory proof of the competency and integrity" of the applicant has been made. It may be conceded that the testimony of the applicant and his witnesses adequately establishes that the applicant has these qualifications.

But it has been repeatedly held that, notwithstanding the proper qualifications of the applicant, the application will be refused where it is not clearly shown that there is a real necessity for the license: Wright's Application, 15 D. & C. 677; Buckman's Application, 14 D. & C. 611; De Rose's Detective License, 10 D. & C. 654; Baker's Detective License, 7 D. & C. 707; Scholl's Detective License, 6 D. & C. 603; Bartolemeo's Detective License, 41 Pa. C. C. 252.

The testimony taken at the hearing on the present application did not show such necessity. There was some evidence, inconclusive and slight, of necessity in the Borough of Carlisle, although the remonstrants produced evidence of the lack of such necessity. There was no evidence whatever of the necessity for a license throughout the county generally.

In this connection, we agree with and find applicable what was said in Buckman's Application, supra: "In this county, whose population is largely comprised of people engaged in agricultural pursuits and . . . . [various industries] we already have a sufficient number of officers clothed with power and

authority to detect and investigate crime, serve criminal warrants and to afford protection to the public. With the sheriff and his deputies always available . . . and authority conferred upon the district attorney to employ additional detectives for special purposes as occasion may require, the location of a troop of the state constabulary in the immediate vicinity of the county seat always subject to call, the election of a constable in every borough and township of the county, and the additional employment of policemen in the boroughs, it would appear that there is no necessity for the appointment of a private detective."

Furthermore, it has been pointed out that a private detective is not appointed to take the place of, and perform the functions of, a constable or police officer, but that the purpose of the act is that the appointee's services shall be of a private nature in making investigations for hire or reward: Baker's Detective License, supra; Tressell's Application, 6 D. & C. 365. The present applicant has shown no necessity for the appointment of a private detective to perform such services.

Lastly, the Act of 1887 is directory merely, and not mandatory. The court has discretionary power to grant or withhold a license: Shelley's Petition, 1 D. & C. 552; Dickerson's Petition, 13 Dist. R. 32, and cases cited supra.

For the foregoing reasons, the court is not satisfied that any real necessity for licensing a private detective exists, and, therefore, the following order is made:

And now, April 26, 1932, the application of John L. Boyer for a license to act as a private detective is refused, without prejudice.

From Francis B. Sellers, Carlisle, Pa.